IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TRAVIS HECKMAN, § § § *Plaintiff*, § § v. § § § RAYNOLS GONZALEZ-CABALLERO § And CUBA TRANSPORT, LLC, § § § *Defendants*. § | Civil Action No. |

## PLAINTIFF'S COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW TRAVIS HECKMAN, as Plaintiff in the above-captioned cause of action, and files this Complaint complaining of RAYNOLS GONZALEZ-CABALLERO ("Defendant Raynols"), CUBA TRANSPORT, LLC ("Defendant Cuba"), and for causes of action would respectfully show unto the Court as follows:

## I.
## PARTIES

1.1   Plaintiff Travis Heckman is an individual resident of the State of Texas, City of Millsap, County of Parker.  Plaintiff Travis Heckman is an individual with the following identifying numbers: (TXDL xxxxx173).

1.2   Defendant Raynols Gonzalez-Caballero (NVDL xxxxxxx615) is an individual residing in Las Vegas, Nevada, Clark County, Nevada who may be served with process by

serving him at his last known place of abode: **_6309 Crosswood Avenue, Las Vegas, Nevada 89108_**.

1.3   Defendant Cuba Transport, LLC is a domestic limited liability company conducting business in Texas, domiciled in Las Vegas Nevada. Cuba Transport, LLC may be served with process through its registered agent for service of process: **_Nelson Morales Rodriguez, 7600 Charles Conrad Circle, Las Vegas, Nevada 89145_**, or wherever he may be found.

## II.
## JURISDICTION AND VENUE

2.1   Jurisdiction is proper pursuant to 28 US Code Section 1332 because there is complete diversity of the parties and the amount in controversy exceeds its minimum jurisdictional requirements.

2.2   Venue is proper in this District pursuant to 28 US Code Section 1391 (b)(2) in that a substantial part of the actions and omissions giving rise to the claim occurred in Weatherford, Parker County, Texas.

## III.
## BACKGROUND FACTS

3.1   On or about March 7, 2019, Plaintiff was driving a 2015 Toyota Corolla and was traveling westbound in the 700 block of W. Interstate 20 in the outside lane.

3.2   At the same time and place, Defendant Raynols was driving a 1999 Peterbilt Tractor Trailer, owned and insured by Defendant Cuba, was also traveling westbound in the 700 block of W. Interstate 20 in the right, inside lane. At all times relevant to this litigation,

Defendant Raynols was acting within the course and scope of his employment with Defendant Cuba.

3.3    The Collision, which was caused by the negligent actions and omissions of Defendant Raynols, acting within the course and scope of his employment with Defendant Cuba, occurred when Defendant Raynols came over into Plaintiff's lane, striking the side/rear of Plaintiff's vehicle, causing Plaintiff to spin out into the center median, striking the guardrail cables.  Defendant Raynols failed to control his speed and/or timely apply his vehicle's brakes, thereby striking the side/rear of Plaintiff's vehicle.

3.4    As a result of the negligent conduct of Defendant Raynols, while acting within the course and scope of his employment with Defendant Cuba, Plaintiff suffered injuries and damages.

## IV.
## NEGLIGENCE OF RAYNOLS GONZALEZ-CABALLERO

4.1    At all times relevant to this litigation, Defendant Raynols was acting within the course and scope of his employment with Defendant Cuba.

4.2    Plaintiff would show that at the time of the incident in question and immediately prior thereto, Defendant Raynols, through negligent acts and/or omissions, caused injury and damage to the Plaintiff. One or more of the following acts or omissions of Defendant Raynols constitutes negligence and was a proximate cause of the incident made the basis of this lawsuit:

   a.  Failing to maintain a proper lookout for the safety of Plaintiff and of others, contrary to what a reasonably prudent person would have done under the same or similar circumstanced;

   b.  Failing to turn his vehicle to the right or left in an attempt to avoid the collision that is the subject of this lawsuit, contrary to what a reasonably prudent person would have done under the same or similar circumstances;

    c.    Failing to yield the right-of-way to Plaintiff, contrary to what a reasonably prudent person would have done under the same or similar circumstances, by attempting to occupy the space occupied by Plaintiff's vehicle;

    d.    Failing to maintain a safe distance between his vehicle and the vehicle of Plaintiff, contrary to what a reasonably prudent person would have done under the same of similar circumstances; and

    e.    Failing to control the speed of his vehicle, contrary to what a reasonably prudent person would have done under the same or similar circumstances.

4.3   Each of the aforementioned acts and omissions of Defendant Raynols constitute negligence, and are a proximate cause of the Plaintiff's injuries and damages for which this lawsuit is brought.

## V.
## NEGLIGENCE OF CUBA TRANSPORT, LLC

5.1   At all times material to this lawsuit, Cuba Transport, LLC owned the truck driven by Defendant Raynols. At all times material to this lawsuit, Defendant Raynols was an employee of Defendant Cuba and was acting within the course and scope of his employment with Defendant Cuba. At all times material to this lawsuit, Defendant Cuba was subject to the provisions of the Federal Motor Carrier Safety Regulations. At all times material to this lawsuit, Defendant Cuba was a statutory employer of Defendant Raynols under the Federal Motor Carrier Safety Regulations. Consequently, Defendant Cuba is vicariously liable to Plaintiff for the negligent conduct of Defendant Raynols, under both common and statutory law.

5.2   At all times material hereto, Defendant Cuba was subject to the provision of the Federal Motor Carrier Safety Regulations and as such owned a duty to follow those regulations, including but not limited to those addressing qualifying drivers, monitoring driver qualification files, drug testing, and supervision. The independent conduct of Defendant Cuba constituted negligence. Such negligent acts or omissions include, but are not limited to the following:

      a.      hiring and/or retaining Defendant Raynols, whom it knew or should have known was a reckless or incompetent driver;

      b.      entrusting a vehicle to Defendant Raynols, whom it knew or should have known was a reckless or incompetent driver

      c.      failing to properly train Defendant Raynols in safe motor vehicle operation;

      d.      failing to properly supervise Defendant Raynols' driving activities;

      e.      failing to properly qualify Defendant Raynols; and/or

      f.      other acts of negligence.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant Cuba constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## VI.
## RESPONDEAT SUPERIOR OF CUBA TRANSPORT, LLC

6.1   An employer-employee relationship existed between Defendant Raynols and Defendant Cuba, pursuant to Federal and State Motor Carrier regulations. Further, Defendant Raynols was acting within the course and scope of his employment with Defendant Cuba, and in furtherance of Defendant Cuba's business, and for the accomplishment of the object for which Defendant Raynols was hired. The negligence and liability of Defendant Raynols should thus be imputed upon Defendant Cuba.

6.2   At all times material hereto there existed an agency by estoppel relationship between Defendant Raynols and Defendant Cuba, as a result of which Defendant Cuba is estopped to deny said agency relationship.

6.3     Therefore, Defendant Cuba is responsible for the actions/inactions of its agents and employees under the doctrine of *respondeat superior* and/or ostensible agency, in that its driver was acting as an agent and/or employee of the organization.

## VII.
## DAMAGES FOR PLAINTIFF

7.1     As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, who at all times were acting jointly and/or severally, Plaintiff sustained injuries and damages in the past and will in reasonable probability sustain these damages in the future.

7.2     Plaintiff respectfully requests that the trier of fact determine the amount of Plaintiff's damages and losses that Plaintiff has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a.  Medical care expenses incurred in the past;

    b.  Medical care expenses which will in all reasonable probability be incurred in the future;

    c.  Physical pain and mental anguish suffered in the past;

    d.  Physical pain and mental anguish which will in all reasonable probability be suffered in the future;

    e.  Loss of earnings sustained in the past;

    f.  Loss of earning capacity which in all reasonable probability Plaintiff will sustain in the future;

    g.  Physical impairment suffered in the past;

    h.  Physical impairment which in all reasonable probability Plaintiff will suffer in the future; and

    i.  Disfigurement.

# VIII.
# JURY DEMAND

8.1    Plaintiff hereby demands a trial by jury.

# PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendants be duly cited and served to appear and answer herein, and that upon a final trial of this cause, Plaintiff recovers from Defendants the following:

a.   Plaintiff's actual damages, as set forth above, and in an amount in excess of the minimum jurisdictional limits of this Honorable Court;

b.   pre-judgment interest at the highest rate allowed by law:

c.   post-judgment interest at the highest rate allowed by law;

d.   costs of this Honorable Court; and

e.   all such other and further relief, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**FRENKEL & FRENKEL, L.L.P.**
12700 Park Central Drive, Suite 1900
Dallas, Texas 75251-1508
(214) 333-3333
(214) 265-9360 (Fax)
aaron@frenkelfirm.com

By:    */S/ Aaron C. Spahr*
       Aaron C. Spahr
       State Bar No. 00794674

**COUNSEL FOR PLAINTIFF**